JAS. C. RUDD & MONARCH *v.* RICH H. RUDD, TRUSTEE, & TAYLOR, ETC.

**Trust—Suit by Trustee to Collect Debts—Plea that Trustee Will Betray Trust not Sufficient.**

    A trustee cannot execute his trust until he gets into his hands the money due him as trustee and the pleas that he will then betray the confidence reposed in him by his cestui que trust is not a sufficient reason why a debtor shall refuse to pay what he owes to the trustee.

**Consolidation of Causes—Notice of Facts Disclosed.**

    It does not appear from the pleadings or proof in the case of Rudd, trustee, etc., that the infant owns any part of the land in question, but this fact appears in the suit of Parker v. Cromie, and as the two suits are consolidated, notice of all the facts disclose in that case, must be taken.

APPEAL FROM DAVIESS CIRCUIT COURT.

February 26, 1872

OPINION BY JUDGE LINDSAY:

The court did not err to the prejudice of appellant, J. C. Rudd, in striking out as surplusage all that part of his answer attempting to present a defense to the recovery on the note for $3,000. The facts relied on might have authorized the court to award a rule against the attorney of the appellees, requiring him to show by what authority he prosecuted the action, but no such rule was asked for.

The trustee cannot execute his trust until he gets into his hands the amount due to him from appellant, J. C. Rudd, and the pleas of the latter that he will then betray the confidence reposed in him by his cestui que trust, is not a sufficient reason why the debtor shall refuse to pay what he owes to the trustee, when the beneficiary is in court asking that he be compelled to do so.

The judgment enforcing the lien directs the entire tract of 29 acres to be sold in case it proves necessary to sell it in order to satisfy appellees debts against J. C. Rudd. It is true that the commissioner is not to sell the six acres conveyed to Monarch and wife if the residue of the tract will satisfy the judgment, but it is impossible to determine in advance whether or not it will be necessary to sell all or any portion of these six acres.

It seems to us that before any part of Monarch's land was subjected to sale, the infant, Wm. Monarch, who owns an interest therein as heir at law of his deceased mother, should have been made a party defendant to the suit of Rudd and Taylor, ex'tx. Under the judgment in their favor, the purchaser at the commissioner's sale will not acquire title to the interest of such infant. It is true the title to this land is no longer in the appellant, J. C. Rudd, but a sale of it will necessitate a rescission of his contract of sale to Monarch and wife, and if he is to lose the benefit of that sale and be compelled to take back the six acres of land he is interested in, its selling for its full value. It is manifest that the defective title directed to be sold under the judgment in this case, will prevent purchasers from paying for it anything like what it is worth.

It does not appear from the pleadings or proof in the case of Rudd, Trustee, etc., that this infant owns any part of the land in question, but this fact appears in the suit of Parker & Cromie,

and as the two suits are consolidated, notice must be taken of all the facts disclosed in that case.

If the land to which J. C. Rudd's estate holds title was to be sold first, and then so much of the Monarch land as might be necessary to pay such balance of the judgment, as should remain unsatisfied, the error in question would not make it necessary to reverse the judgment enforcing the lien, except in so far as it relates to the Monarch land, but the judgment does not authorize the commissioner to sell Rudd's portion of the land separately and apart from Monarch's unless it will pay the entire amount due on the judgment in which case of course the Monarch land would not be sold at all.

For these reasons we are constrained to reverse the judgment in so far as it directs the sale of the twenty-nine acres of land. The cause is remanded for further proceedings consistent with this opinion.

*W. P. D. Bush v. T. Moore, for appellants.*

*Williams, for appellee.*